968 F.2d 1227
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eugene W. MALONE, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 91-3579.
 United States Court of Appeals, Federal Circuit.
 May 12, 1992.
 
 Before RICH, CLEVENGER and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Eugene W. Malone appeals from the October 12, 1990 Initial Decision of the Administrative Judge (AJ) in Docket No. SF07528810367-2, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on August 26, 1991, dismissing the appeal for lack of jurisdiction on the bases that Malone's disability retirement was voluntary, and that he was not constructively suspended. We affirm.
 
 DISCUSSION
 
 2
 The AJ found that Malone voluntarily initiated his application for disability retirement, following receipt of the agency's proposed notice of termination. Other than generalized accusations, Malone fails in his brief to point to any evidence of agency coercion or misrepresentation supporting his allegation that his retirement was involuntary. As noted by the AJ, the affidavit of Tony Roberts, Malone's union representative, reflects that Roberts counselled Malone as to his several options in view of the notice of proposed termination, including contesting the separation action, or applying for disability retirement. According to Roberts, when faced with "several alternatives which he found distasteful ... [Malone] selected the one [disability retirement] which fit his needs the best at that time." Roberts further states, "[n]either I, nor any Agency official coerced Mr. Malone into applying for disability retirement." The affidavits of Cecelia Friese, Malone's supervisor, and Teresa Barth, employee relations specialist, further support the agency's position that Malone resigned voluntarily, without coercion or duress. These affidavits, in conjunction with the other evidence of record, are substantial evidence supporting the AJ's determination that Malone's retirement was voluntary. See 5 USC 7703(c).
 
 
 3
 Similarly, no error has been shown with respect to the AJ's determination that Malone was not constructively suspended during the period of October 10 to November 6, 1985. At no time was Malone without either pay or a retirement annuity.
 
 
 4
 Lastly, Malone contends that the AJ failed to take into account a claim decision from the Social Security Administration, and evaluations by Dr. James Johnson of the Permanente Medical Group. Though it is unclear whether these documents were before the agency, the AJ expressly considered them in rendering his decision. Malone was not prejudiced.